MARY SUDBO v. JOHANNES RUSTEN and Another.[1]

October 22, 1896.

Nos. 10,128—(86).

**Judgment against Husband—Lien on Wife's Property.**

> A judgment creditor of a married man is not entitled to have his judgment made a general or specific lien upon the husband's one-third interest in the real property of the wife during coverture. During such time she is entitled to hold it free from any liability on account of his debts, as fully as if she were unmarried.

Appeal by defendant Rusten from an order of the district court for Polk county, Ives, J., sustaining a demurrer to his separate answer. Affirmed.

*Frank Street*, for appellant.

*Ole J. Vaule*, for respondent.

BUCK, J.  This is an action to determine an adverse claim to real estate situate in Polk county, in this state.  The plaintiff is a married woman, and she and her husband, Torge T. Sudbo, are in the possession of the premises in controversy, consisting of 160 acres, she being the owner in fee of the land.  Previous to the commencement of this action, and on June 19, 1895, the defendant, Johannes Rusten, recovered a judgment in the district court of said county against said Torge T. Sudbo, the husband of plaintiff, for the sum of $154.30, which judgment was on the same day docketed in said court.  Subsequently an execution was issued upon said judgment, and returned unsatisfied.  The defendant, Johannes Rusten, claims a lien upon the one-third interest in fee to which the said Torge T. Sudbo will be entitled as the husband of said plaintiff, contingent only upon the death of the said Mary Sudbo, as he alleges, and demands that his judgment be declared and adjudged to be a specific lien upon the said premises of plaintiff to the extent of a contingent and inchoate interest in fee simple therein.

More than one legal ground presents itself to us why the contention of the appellant is erroneous.  But we are of the opinion that

[1] Reported in 68 N. W. 513.

G. S. 1894, § 5531, controls. and that, therefore, we need not consider any other reason for rejecting the claim of the appellant. This section is as follows:

"All property, real, personal and mixed, and choses in action, owned by any married woman, or owned or held by any woman at the time of her marriage, shall continue to be her separate property notwithstanding such marriage; and any married woman may, during coverture, receive, take, hold, use and enjoy property of any and every description, and the rents, issues, and profits thereof, and all avails of her contracts and industry, free from the control of her husband, and from any liability on account of his debts, as fully as if she were unmarried."

The husband has no control over the wife's real property during coverture, and it is entirely free from any liability, during such time, on account of his debts, as fully as if she were unmarried. His contracting debts gives neither himself nor his creditors, whether judgment creditors or otherwise, any interest or lien upon her lands, and the court has no power to adjudge that any judgment against the husband shall be either a general or specific lien upon her property. If it could, then her real property would not be free from the liability of the husband on account of his debts, and she could not dispose of such property as fully as if she were unmarried. Such a lien as the appellant seeks to obtain would be a cloud upon the title to at least one-third of the property owned by her in fee, and would seriously hamper her in the sale of the whole of it. Whatever embarrasses the wife in the disposition of her real property during coverture renders it impossible for her to do as fully with it as if she were unmarried. Certainly, if she were unmarried, no such lien could be made to attach. The language and meaning of the statute are plain, and we must be guided and controlled by it, irrespective of what the law may have been heretofore.

Order affirmed.